[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff and the defendant intermarried on August 17, 1975, in Middletown, Connecticut. The husband commenced this action on May 22, 2001, seeking a dissolution of the marriage and an equitable distribution of the marital assets and debt. The court, having heard the evidence presented at trial, and having considered all the factors enumerated in Connecticut General Statutes §§ 46b-81 and 46b-82, makes the following findings of fact and law.
FACTS
CT Page 264
The plaintiff resided in the State of Connecticut for at least twelve months prior to the filing of the complaint; accordingly, this court has jurisdiction. The allegations of the complaint are proven and are true. No children were born to the parties since the date of their marriage. This marriage has broken down irretrievably, and is without hope of reconciliation.
At the time of their marriage the plaintiff, Clarence Slack, had four minor children from a previous marriage, and the defendant, Catherine Slack, had three. The three minor children of the defendant resided with the parties continuously until the age of majority. The plaintiff's children also resided with the parties at various times until reaching majority.
During the course of their marriage the plaintiff contributed three hundred dollars per week to the household account, which the defendant managed. Prior to and during the marriage, the defendant received assistance from the Connecticut State Department of Income Maintenance for the support of her three children.[1] This money was also put into the household account and was needed "to make ends meet." The State currently holds a lien on the. marital property in the amount of $35,658.88. The plaintiff was aware that the State was providing support to his wife. He also understood that the State was placing a lien on the marital home to guarantee reimbursement of the assistance provided. The defendant began employment in 1983 and contributed to the household account from her paycheck. The court finds that the State lien is, in part, a marital debt, and that the plaintiff should be responsible for paying a portion.
The plaintiff thought the parties' marriage was "perfect." He first realized that there was problem on Martin Luther King Day of 2001, when the defendant vacated their home. She stated that she did not love him and wanted to "move on." The defendant felt the marriage was "good" initially, however, in the last few years she was interested in pursuing new interests. She discussed this with the plaintiff, who did not want to participate. Catherine Slack became friendly with a man at work with whom she now resides, although this relationship did not become romantic until after the defendant moved out of the marital home. The court finds that the defendant contributed more to the break-up of the marriage than did the plaintiff.
The plaintiff is fifty-eight years old and has medical problems, including high blood pressure, a pituitary tumor which causes eye difficulties, and gout. He takes medication for each of these conditions. The defendant is a vibrant fifty-one year old, in good health. Each party has credit card debt related to expenses for the CT Page 265 marital home: the plaintiff has an outstanding balance of $11,000.00 and the defendant has a credit union balance of $2,000.00.
The parties agree on many issues involving the terms of their dissolution. Neither is seeking alimony or any proceeds from the retirement accounts of the other. They agree that the plaintiff will remain in the marital home, the fair market value of which is $143,000.00, and that the remaining mortgage on the home is $11,500.00. The issues in dispute are the division of credit card debt, responsibility for the State lien and the division of the equity in the marital home.
ORDERS
 1. A decree dissolving this marriage on the grounds of irretrievable breakdown shall enter on January 10, 2002.
2. No alimony is awarded to either party.
 3. The parties will each be responsible for his or her own health insurance and life insurance.
 4. Each party shall be responsible for his or her credit card debt and all liabilities stated on his or her financial affidavit, unless otherwise ordered herein. The parties will hold each other harmless on such debt.
 5. Each party is awarded his and her own retirement account.
 6. The plaintiff is responsible for 34% of the State lien and is entitled to 60% of the equity in the home.
 7. The defendant is responsible for 66% of the State lien and is entitled to 40% of the equity in the home.
 8. The plaintiff is awarded all right, title and interest in the marital home. Within sixty days, the defendant will quitclaim her interest in the home to the plaintiff, who, in exchange, will give the defendant a promissory note in the amount of $29,065.00, to be payable over a four year period CT Page 266 at 10 per cent interest per annum. This promissory note shall be secured with a mortgage on the property. The plaintiff shall then be solely responsible for the repayment of the State lien, the payment of the mortgage and real estate taxes, and all other costs associated with the property. The plaintiff shall indemnify and hold the wife harmless in regards to all such costs.
 9. Each party is awarded the personal property currently in his or her possession, unless otherwise agreed upon by both parties.
 10. Each party is awarded his or her interest in any bank account maintained in his or her name.
 11. Each party shall sign any necessary documents to effectuate the orders contained herein.
BY THE COURT,
CAROL A. WOLVEN JUDGE OF THE SUPERIOR COURT